UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| WINDY HEATH | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No. 3:17-cv-366 |
| v. | ) |
| | ) Judge Mattice |
| VIRGINIA COLLEGE, LLC, and | ) Magistrate Judge Poplin |
| CHRISTINE ADAMS, in her capacity | ) |
| as Academic Dean, | ) |
| | ) |
| *Defendants,* | ) |

## ORDER

On July 2, 2018, United States Magistrate Judge Debra C. Poplin filed her Report and Recommendation (Doc. 23), pursuant to 28 U.S.C. § 636 and the Court's referral Order (Doc. 22). Magistrate Judge Poplin recommends that the Court deny Ms. Heath's Motion for Limited Discovery (Doc. 14). Plaintiff Windy Heath timely filed an objection to the Report and Recommendation on July 16, 2018. (Doc. 24). The Court reviewed the Report and Recommendation, the parties' briefing related thereto, and the entire record, and agrees with Magistrate Judge Poplin's well-reasoned conclusions. Accordingly, the Court will **ACCEPT** and **ADOPT** the Report and Recommendation of Magistrate Judge Poplin (Doc. 23) and **DENY** Plaintiff's Motion for Limited Discovery (Doc. 14).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's claims arise out of her enrollment in the cosmetology program at Virginia College, LLC, in the summer of 2016. (Doc. 1 at 4-5). Plaintiff initially toured the college and met with an enrollment counselor on June 1, 2016. (Doc. 8-1 at 3, Doc. 11-1

at 1).[1] She toured several other schools with cosmetology programs, but all required a large deposit to enroll that she could not afford. (Doc. 8-1 at 3). On June 1, 2016, she spent approximately 2.5 hours on the Virginia College campus. (*Id.*). Plaintiff met with financial aid advisors, several teachers, and an enrollment counselor that day. (*Id.* at 3-4). Plaintiff met with the enrollment counselor for about 45 minutes, during which time Plaintiff viewed various documents on a laptop that the counselor controlled from her own computer. (*Id.* at 4). Plaintiff suffers from dyslexia, which can make reading a challenge for her. (*Id.* at 1). On several occasions, Plaintiff asked the counselor to slow down as she moved through the documents electronically, but was waved off or the counselor paraphrased the document's contents. (*Id.* at 4). One of the documents Plaintiff electronically signed was an Enrollment and Tuition Agreement (Doc. 9-1 at 13; Doc. 8 at 3). After her enrollment, Plaintiff was unable to access her enrollment documents via the online student portal due to a glitch or error. (Doc. 8 at 5-6).

Plaintiff was unable to locate childcare to attend classes the following week and informed the college. (Doc. 11-1 at 2). She went to reenroll several weeks later in a meeting that lasted no more than 10 minutes. (*Id.*). Plaintiff did not retype her name or initials in the enrollment documents, but changed the date to July 8, 2016. (*Id.*). Some weeks later, the technical issue with her online document access was resolved. (*Id.* at 2-3).

The events that gave rise to Plaintiff's claims occurred sometime thereafter, in August 2016. Plaintiff filed this case on August 18, 2017, alleging battery, intentional infliction of emotional distress, invasion of Plaintiff's right to privacy, violations of the

---

[1] In the Supplemental Affidavit of Windy Heath (Doc. 11-1), Plaintiff indicates that the meeting and tour described in paragraphs 14 through 29 of her original affidavit (Doc. 8-1), occurred on June 1, 2016, not July 8, 2016, as she had originally remembered. The Supplemental Affidavit states that she incorrectly remembered the date, but that the remaining events are as alleged. (Doc. 11-1 at 1).

Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973, and intentional, malicious, and reckless breach of contract. (Doc. 1). On October 12, 2017, Defendant Virginia College, LLC, filed its motion to compel arbitration, seeking to enforce the arbitration clause in the Enrollment and Tuition Agreement and compel Plaintiff to arbitrate all her claims against the College. (Doc. 7-1). Plaintiff opposes the motion and seeks discovery regarding the enforceability and validity of the arbitration agreement. (Doc. 8, Doc. 14).

## II. STANDARD OF REVIEW

The Court reviews the Magistrate Judge's Report and Recommendation on this non-dispositive matter to determine whether it is clearly erroneous or contrary to law. *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001). With the exception of certain matters not relevant here, magistrate judges of this district "may, without the necessity of an order of referral, hear and determine any pretrial matter pending before the court . . . ." E.D. Tenn. SO-13-02 (Revised) (August 16, 2013). Likewise, 28 U.S.C. § 636(b)(1)(A) authorizes the district court to "designate a magistrate judge to hear and determine any pretrial matter pending before the court" with the exception of certain miscellaneous and dispositive motions. Accordingly, the Magistrate Judge was authorized to "hear and determine" the issues presented by Plaintiff's Motion for Limited Discovery (Doc. 14), without a specific referral. Pursuant to the Court's February 21, 2018 Order (Doc. 22), the Court also designated Magistrate Judge Poplin to submit a Report and Recommendation and take whatever action she deemed appropriate.

The parties' dispute regarding the appropriate standard of review appears to arise from this additional referral, which was inadvertently made under 28 U.S.C. § 636(b)(1)(B) and (C) rather than subparagraph (A). However, the United States Court

of Appeals for the Sixth Circuit has made clear that the nature of the motion controls the standard of review. *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001) ("A district court shall apply a clearly erroneous or contrary to law standard of review for the nondispositive preliminary measures of § 636(b)(1)(A).") (internal punctuation omitted). Though the referral order cites adjacent subparagraphs (B) and (C), the matter is a pretrial matter under subparagraph (A) for which the Court requested a report and recommendation by the Magistrate Judge. Accordingly, the Court will review the Report and Recommendation and the objections thereto to determine whether "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A).

### III. ANALYSIS

Plaintiff seeks discovery relating to whether her claims against the Defendants must be resolved in arbitration. (Doc. 14). Defendant Virginia College, LLC, filed a Motion to Compel Arbitration and to Dismiss or Stay Action (Doc. 7), relying on an arbitration clause in the Enrollment and Tuition Agreement between the parties. (Doc. 7-1). Plaintiff contends in response that (i) she did not knowingly and voluntarily waive her right to a jury trial, (ii) arbitration prevents her from effectively vindicating her rights under the Americans with Disabilities Act and the Rehabilitation Act, and (iii) the arbitration agreement is unconscionable under Alabama law. (Doc. 8). Plaintiff seeks limited discovery related to these arguments and defenses. (Doc. 14). In her Report and Recommendation, the Magistrate Judge carefully reviewed each category of discovery requested by Plaintiff and determined that in each instance, discovery was unnecessary or not justified by Plaintiff's request. Plaintiff objects to the Report and Recommendation in three respects.

**A. Whether Plaintiff's Breach of Contract Claim Forecloses Unenforceability Defenses.**

First, Plaintiff objects to the Report and Recommendation on the basis that it "appears to deny Plaintiff relief in part because the Complaint alleges a breach of contract claim." (Doc. 24 at 2). Plaintiff draws this conclusion from the Magistrate Judge's citation to *Bowen v. Security Pest Control, Inc.*, 879 So. 2d 1139, 1143 (Ala. 2003) (noting that "a plaintiff cannot seek the benefits of a contract but at the same time avoid the arbitration provision in the contract."). The Report and Recommendation does not state that Plaintiff's breach of contract claim forecloses her ability to assert defenses to arbitration. On the contrary, the Report and Recommendation states that "Plaintiff has not fully explained how the above areas of discovery will help the District Judge in determining whether the arbitration agreement is valid." (Doc. 23 at 13). The Magistrate Judge's discussion of Alabama contract law was not clearly erroneous and in any event, does not appear to have been essential to the recommendation. Plaintiff's objection thereto is therefore **OVERRULED.**

**B. Whether Execution of the Enrollment Agreement Disposes of Enforceability Defenses.**

Plaintiff contends that the Magistrate Judge based her determination that discovery regarding Plaintiff's defenses to enforceability was not warranted on a flawed view of the law. (Doc. 24 at 3-4). The Report and Recommendation correctly explains that when the party seeking to enforce an agreement to arbitrate comes forward with an executed copy of such agreement, the burden is on the party opposing arbitration to show that the agreement is unenforceable. (Doc. 23 at 13); *see Mounts v. Midland Funding, LLC*, 257 F.Supp.3d 930, 936 ("The burden is on the party opposing arbitration to show

that the agreement is not enforceable."). The Magistrate Judge took note of Plaintiff's argument that the circumstances surrounding her enrollment meeting were relevant to her defenses. (Doc. 23 at 13-14, n. 7). Judge Poplin also noted that Plaintiff had already had the opportunity to submit affidavits regarding these events. (Doc. 23 at 13-14). In light of the applicable legal standard, the Magistrate Judge concluded that Plaintiff had failed to show how the requested discovery would affect the Court's analysis of the motion to compel. (*Id.*).

Plaintiff first contends that the Magistrate Judge clearly erred in looking to state law on the issue of whether Plaintiff knowingly and voluntarily waived her right to a jury trial. (Doc. 24 at 3). The Report and Recommendation notes that in Alabama, a party to a contract is responsible for reading the contract. (Doc. 23 at 13-14, n. 7). The Report suggests that this legal standard counters Plaintiff's knowing and voluntary waiver and unconscionability defenses. (*Id.*). Even if Plaintiff is correct that federal law applies in evaluating the waiver of a right to a jury trial, any alleged error in the Report and Recommendation is harmless. This is because the discovery Plaintiff seeks is also unwarranted under the federal standard of *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646 (6th Cir. 2003), that Plaintiff urges the Court to apply.

In *Morrison,* the United States Court of Appeals for the Sixth Circuit identified five factors for evaluating whether a waiver of a jury trial right in an arbitration agreement is knowing and voluntary: (1) plaintiff's experience, background, and education; (2) the amount of time plaintiff had to consider whether to sign the waiver; (3) whether the waiver was clear; (4) whether there was consideration for the waiver; and (5) the totality of the circumstances. *Id.* at 668. In evaluating Plaintiff's motion to compel, the Court must "view all facts and inferences drawn therefrom in the light most favorable to [the party

opposing arbitration], and determine whether the evidence presented is such that a reasonable finder of fact could conclude that no valid agreement to arbitrate exists." *Great Earth Companies, Inc., v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). As the Magistrate Judge noted, Plaintiff has already presented affidavit testimony regarding several of these factors. (Doc. 23 at 13). The remaining factors are legal determinations. Plaintiff's requested discovery is thus unnecessary to the Court's analysis of whether she knowingly and voluntarily waived her right to a jury trial.

With respect to her claim that the arbitration agreement was procedurally and substantively unconscionable, the Magistrate Judge correctly turned to Alabama law regarding unconscionability in evaluating Plaintiff's request for discovery. Plaintiff implies that the Magistrate Judge "ended the inquiry" upon finding that Plaintiff executed the Enrollment Agreement, or somehow treated this fact as dispositive of Plaintiff's defenses. (Doc. 24 at 3-4). This argument is utterly without merit. Judge Poplin reviewed in some detail each area of discovery requested by Plaintiff in light of Alabama law on unconscionability. (Doc. 23 at 15-16). In each instance, the Magistrate Judge found that discovery was unnecessary or that Plaintiff had not sufficiently explained the facts she expected to uncover and how those facts would create a genuine issue as to the validity of the arbitration agreement. The Magistrate Judge's findings are not clearly erroneous or contrary to law and accordingly, Plaintiff's objection in this regard is **OVERRULED**.

**C. Whether Plaintiff Sufficiently Explained The Basis for Her Discovery Requests.**

Plaintiff's third objection takes issue with the Report and Recommendation more generally, arguing that Plaintiff has sufficiently explained how the requested discovery will assist the Court in determining whether the arbitration provision is valid. (Doc. 24

at 5). Because the standard on a motion to compel mirrors that of a motion for summary judgment, the Magistrate Judge turned to Federal Rule of Civil Procedure 56(d) and related Sixth Circuit precedent in evaluating Plaintiff's argument that additional discovery is needed. (Doc. 23 at 10); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 487 (6th Cir. 2000) ("Beyond the procedural requirement of filing an affidavit, Rule 56(d) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."). Plaintiff contends she has satisfied this standard and compiles various "facts" she expects to uncover in discovery. (Doc. 6-11). Each of these purported "facts" is either not material, a legal conclusion rather than a fact, or already appears in the record.

Moreover, Plaintiff's third objection is little more than a reiteration of her prior arguments. It is well established that objections that merely restate arguments previously presented are without merit and may be denied summarily. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* Accordingly, Plaintiff's third point of objection is **OVERRULED**.

## IV. CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that

1. Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. 24) is **OVERRULED**;

2. Magistrate Judge Poplin's Report and Recommendation (Doc. 23) is hereby **ACCEPTED and ADOPTED**; and

3. Plaintiff's Motion for Limited Discovery (Doc. 14) is **DENIED**.

**SO ORDERED** this 21st day of September 2018.

_____/s/ Harry S. Mattice, Jr._____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE